IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFIA GROOMS, individually and as | : | |
| Administratrix for the Estate of SONTOSH | : | |
| CLARKE | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v | : | |
| | : | |
| | : | No.  10-CV-5178 |
| | : | |
| BRITTON BROWN | : | |
| Defendant | : | |

**PLAINTIFF RAFIA GROOM'S PROPOSED JURY INSTRUCTIONS.**

Plaintiff, Rafia Grooms, by and through her counsel submits the following

proposed jury instructions for use at the trial of this matter:

## General Instructions for Civil Cases

**1. Preliminary Instructions For Use at Commencement of Trial and/or at End of Trial.**

    1.1  Introduction; Role of Jury
    1.2  Description of Case; Summary of Applicable Law
    1.3  Conduct of Jury
    1.4  Bench Conferences
    1.5  Evidence
    1.6  Direct and Circumstantial Evidence
    1.7  Credibility of Witnesses
    1.8  Jury Questions for Witnesses
    1.9  Note-Taking By Jurors
    1.10  Preponderance of the Evidence
    1.12  Description of Trial Proceedings

**2. General Instructions For Use During Trial**

    2.2  Judicial Notice
    2.3  Stipulation of Testimony
    2.4  Stipulation of Fact
    2.5  Use of Deposition
    2.6  Use of Interrogatories
    2.9  Striking Evidence
    2.11  Opinion Testimony
    2.14  Recess Admonition

**3.  General Instructions For Use At End of Trial**

    3.1  Deliberations
    3.2  Number of Witnesses

## Instructions for Civil Rights Claims Under Section 1983

4.1  Section 1983 Introductory Instruction
4.2  Section 1983 – Burden of Proof
4.3  Section 1983 – Elements of Claim
4.4  Section 1983 – Action under Color of State Law
    4.4.1  Section 1983 – Action under Color of State Law Is Not in Dispute
    4.4.2  Section 1983 – Determining When an Official Acted under Color of State Law
4.5  Section 1983 – Deprivation of a Federal Right
4.8  Section 1983 – Damages
    4.8.1  Compensatory Damages
    4.8.3  Punitive Damages
4.9.1  Section 1983 – Excessive Force (Including Some Types of Deadly Force) – Stop,  Arrest, or Other "Seizure"

Plaintiff's Proposed Liability Jury Instruction #1

## 1.1 Preliminary Instructions — Introduction; Role of Jury

## Model

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

## 1.2 Preliminary Instructions  — Description of Case; Summary of Applicable Law

**Model**

In this case, RAFIA GROOMS, REPRESENTATIVE FOR THE ESTATE OF HER SON SONTOSH CLARKE claims that BRITTON BROWN violated the constitutional rights of SONTOSH CLARKE by fatally shooting him during his arrest; BRITTON BROWN denies those claims.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements that RAFIA GROOMS must prove to make her case:

FIRST – RAFIA GROOMS must prove that BRITTON BROWN was acting under color of state law at the time of the events in question, namely, the shooting of SONTOSH CLARKE

SECOND – RAFIA GROOMS must prove that BRITTON BROWN intentionally committed acts that constituted deadly force against SONTOSH CLARKE.

THIRD - RAFIA GROOMS must prove at least one of the following things:

● deadly force was not necessary to prevent SONTOSH CLARKE'S escape; or

● BRITTON BROWN did not have probable cause to believe that SONTOSH CLARKE posed a significant threat of serious physical injury to BRITTON BROWN or others; or

● it would have been feasible for BRITTON BROWN to give SONTOSH CLARKE a warning before using deadly force, but BRITTON BROWN did not do so.

## 1.3    Preliminary Instructions — Conduct of the Jury

**Model**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly.  There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others.  You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, MySpace, LinkedIn, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags.  It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims [or defenses]  until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

[Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance.  You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.]

## 1.4   Preliminary Instructions — Bench Conferences

## Model

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill  my responsibility, which is  to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 1.5   Preliminary Instructions — Evidence

## Model

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;
2. Documents and other things received as exhibits;
3. Any facts that are stipulated--that is, formally agreed to by the parties; and
[4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;
2. Objections by lawyers.
3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear  in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.

## 1.6   Preliminary Instructions – Direct and Circumstantial Evidence

## Model

*Option 2:*

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through  his own senses — something the witness  has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in  the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**1.7    Preliminary Instructions — Credibility of Witnesses**

**Model**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.   In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;
(2) the quality of the witness's understanding and memory;
(3) the witness's manner while testifying;
(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;
(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and
(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 1.9    Preliminary Instructions — Note-Taking By Jurors

*Option 1:*

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  My Courtroom deputy will arrange for pens, pencils, and paper.  Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see,  we have a court reporter here who will be transcribing the testimony during the course of the trial.  But you should not assume that the transcripts will be available for your review during your deliberations.  Nor should you consider notes that you or fellow jurors may take as a kind of written transcript.  Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations.  Here are some other specific points to keep in mind about note taking:

1.    <u>Note-taking is permitted, not required</u>.  Each of you may take notes.  No one is required to take notes.

2.    <u>Be brief</u>.  Do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory.  They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting.  You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand.  Note-taking must not distract you from that task.  If you wish to make a note, you need not sacrifice the opportunity to make important observations.  You may make your note after having made an observation.

3.    <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.    <u>Do not take your notes away from court</u>.  I repeat, at the end of each day, please leave your notes in the jury room. [Describe logistics of storing and securing notes,  for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

## 1.10   Preliminary Instructions — Preponderance of the Evidence

### Model

This is a civil case.  RAFIA GROOMS is the party who brought this lawsuit. BRITTON BROWN  is the party against whom the lawsuit was filed. RAFIA GROOMS  has the burden of proving her case by what is called the preponderance of the evidence.  That means RAFIA GROOMS has to prove to you, in light of all the evidence, that what she claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to RAFIA GROOMS and the evidence favorable to BRITTON BROWN on opposite sides of the scales, RAFIA GROOMS  would have to make the scales tip somewhat on her side.  If RAFIA GROOMS fails to meet this burden, the verdict must be for  BRITTON BROWN. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## 1.12   Preliminary Instructions — Description of Trial Proceedings

## Model

The trial will proceed in the following manner:

First,  attorney(s) for PLAINTIFF RAFIA GROOMS will make an opening statement to you. Next, attorney for DEFENDANT BRITTON BROWN  may make an opening statement.

After/Before the attorneys have made their opening statements, [I will instruct you on the applicable law and] then each party is given an opportunity to present its evidence.

RAFIA GROOMS goes first because plaintiff has the burden of proof. RAFIA GROOMS will present witnesses whom counsel for BRITTON BROWN may cross-examine, and RAFIA GROOMS may also present evidence. Following RAFIA GROOMS' case, BRITTON BROWN may present evidence.      [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, [I will instruct you on the law and then] the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. [Once the closing arguments are completed, I will then instruct you on the law.]  After that you will retire to the jury room to deliberate on your verdict in this case.

**2.2   General Instructions For Use During Trial — Judicial Notice**

**Model**

  The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice. I have decided to accept as proved the fact that [state the fact that the court has judicially noticed], even though no evidence has been introduced to prove this fact. You must accept this fact as true for purposes of this case.

## 2.3  General Instructions For Use During Trial — Stipulation of Testimony

### Model

The parties have agreed that if [witness's name] were called as a witness, [he/she] would testify that [state the stipulated testimony]. This testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if [name of witness] had been present to testify. You must accept the fact that [name of witness] would have given that testimony. However, it is for you to determine the effect or weight to be given to that testimony.

**2.4    General Instructions For Use During Trial — Stipulation of Fact**

**Model**

      The [parties] have agreed that  [set forth stipulated fact or facts]  [is/are] true. [The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial.] You must therefore treat [this fact]  [these facts] as having been proved for the purposes of this case.

## 2.5   General Instructions For Use During Trial  — Use of Deposition

### Model

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video] [by reading the transcript]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## 2.6   General Instructions For Use During Trial — Use of Interrogatories

## Model

You will now hear [have heard] answers that BRITTON BROWN gave in response to written questions submitted by the other side.  The written questions are called "interrogatories." The written answers were given in writing and under oath, before the trial.

You must consider BRITTON BROWN'S answers to interrogatories in the same manner as if the answers were made from the witness stand.

## 2.9   General Instructions For Use During Trial — Striking Evidence

## Model

I have ordered that [describe the evidence] be struck from the record and I am instructing you that you must disregard that information [testimony].  That means that when you are deciding the case, you must not consider that information [testimony] in any way.

## 2.11   General Instructions For Use During Trial —  Opinion Testimony


**Model**

You have heard [will hear] testimony containing opinions from [name of witness].  In weighing this opinion testimony, you may consider  [his] qualifications, the reasons for [his] opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinion of [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of [name of witness], you may consider any bias that [name of witness] may have, including any bias that may arise from evidence that [name of witness] has been or will be paid for reviewing the case and testifying [or from evidence that [name of witness]  testifies regularly and makes a large portion of [his] income from testifying in court].

## 2.14   General Instructions For Use During Trial —   Recess Admonition

### Model

We are about to take [our first] [a] recess [and I remind you of the instruction I gave you earlier]. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately.  [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet.  Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research relating to the case.]  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

## 3.1   General Instructions For Use At End of Trial —  Deliberations

## Model

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it  in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

## 3.2   General Instructions For Use At End of Trial — Number of Witnesses

**Model**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**4.1     Section 1983 Introductory Instruction**

**Model**

RAFIA GROOMS, AS THE REPRESENTATIVE OF HER SON, SONTOSH CLARKE'S ESTATE is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

**4.2     Section 1983 – Burden of Proof**

**Model**

> *[Provide Instruction 1.10 on burden of proof, modified (if necessary) as discussed in the Comment below.]*

**4.3    Section 1983 – Elements of Claim**

**Model**

RAFIA GROOMS must prove both of the following elements by a preponderance of the evidence:

First:  BRITTON BROWN acted under color of state law.

Second: While acting under color of state law, BRITTON BROWN deprived SONTOSH CLARKE of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements RAFIA GROOMS must prove to establish the violation of SONTOSH CLARKE'S federal constitutional rights under the Fourth Amendment of the United States Constitution.

## 4.4     Section 1983 – Action under Color of State Law

## Model

The first element of RAFIA GROOMS's claim is that BRITTON BROWN acted under color of state law.  This means that RAFIA GROOMS must show that BRITTON BROWN was using power that he possessed by virtue of state law.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

### 4.4.1  Section 1983 – Action under Color of State Law – Action under Color of State Law Is Not in Dispute

## Model

**Version A** (government official):

Because BRITTON BROWN was an official of the city of PHILADELPHIA at the relevant time, I instruct you that he was acting under color of state law.  In other words, this element of RAFIA GROOMS's claim is not in dispute, and you must find that this element has been established.

## 4.5    Section 1983 – Deprivation of a Federal Right

## Model

I have already instructed you on the first element of RAFIA GROOMS' claim, which requires RAFIA GROOMS to prove that BRITTON BROWN acted under color of state law.

The second element of RAFIA GROOMS's claim is that BRITTON BROWN deprived SONTOSH CLARKE of a federal constitutional right.

[Insert instructions concerning the relevant constitutional or statutory violation.]

## 4.8.1  Section 1983 – Damages – Compensatory Damages
## Model

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not BRITTON BROWN should be held liable.

If you find BRITTON BROWN liable, then you must consider the issue of compensatory damages.  You must award RAFIA GROOMS an amount that will fairly compensate HER AND THE ESTATE OF SONTOSH CLARK for any injury SONTOSH CLARKE actually sustained as a result of BRITTON BROWN's conduct.

RAFIA GROOMS must show that the injury to SONTOSH CLARKE would not have occurred without BRITTON BROWN's act.  RAFIA GROOMS must also show that BRITTON BROWN'S act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of BRITTON BROWN'S act.

Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

RAFIA GROOMS claims the following items of damages
● Physical harm to SONTOSH CLARKE from the events at issue, including his death, physical pain, disfigurement, and any such physical harm that SONTOSH CLARKE is reasonably certain to have experienced.  In assessing such harm, you should consider the nature and extent of the injury and whether the injury was temporary or permanent.

● Emotional and mental harm to SONTOSH CLARKE during the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that SONTOSH CLARKE is reasonably certain to experienced before his death.

●  The reasonable value of the medical care and supplies that SONTOSH CLARKE reasonably needed and actually obtained in connection with his injury and death.

●   The present value of the wages and possible benefits that SONTOSH CLARKE is reasonably certain to lose in the future because of his death after subtracting the cost of his maintenance – that is, what he would reasonably need to spend to live day to day.

● The cost of SONTOSH CLARKE'S funeral and burial.

●   The present value of the personal services you find SONTOSH CLARKE is reasonably certain to have provided to RAFIA GROOMS in the future.

In assessing damages, you must not consider attorney fees or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney fees and costs should play no part in your calculation of any damages.

### 4.8.3  Section 1983 – Damages – Punitive Damages

## Model

In addition to compensatory or nominal damages, you may consider awarding RAFIA GROOMS punitive damages.  A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

You may only award punitive damages if you find that BRITTON BROWN acted maliciously or wantonly in violating SONTOSH CLARKE'S federally protected rights.

● A violation is malicious if it was prompted by ill will or spite towards the plaintiff.  A defendant is malicious when [he] consciously desires to violate federal rights of which [he] is aware, or when [he] consciously desires to injure the plaintiff in a manner [he] knows to be unlawful.  A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

● A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that BRITTON BROWN acted maliciously or wantonly in violating SONTOSH CLARKE'S federal rights, then you may award punitive damages. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.  But remember that you cannot award punitive damages unless you have found that BRITTON BROWN acted maliciously or wantonly in violating SONTOSH CLARKE'S federal rights.

If you have found that BRITTON BROWN acted maliciously or wantonly in violating SONTOSH CLARKE'S federal rights, then you should consider the purposes of punitive damages.  The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both.  Thus, you may consider whether to award punitive damages to punish BRITTON BROWN.  You should also consider whether actual damages standing alone are sufficient to deter or prevent BRITTON BROWN from again performing any wrongful acts [he] may have performed.  Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those BRITTON BROWN may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award.  That is, in deciding the amount of punitive damages, you should consider the degree to which BRITTON BROWN should be punished for [his] wrongful conduct toward SONTOSH CLARKE, and the degree to which an award of one sum or another will deter BRITTON BROWN or others from committing

similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action.  For example, you are entitled to consider  1. whether a defendant's act was violent or non-violent; 2. whether the defendant's act posed a risk to health or safety; 3.whether the defendant acted in a deliberately deceptive manner; 4. whether the defendant engaged in repeated misconduct, or a single act, and, 5. the harm that could result if such acts are not deterred in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources.  Therefore, if you find that punitive damages should be awarded against BRITTON BROWN, you may consider the financial resources of BRITTON BROWN in fixing the amount of such damages.

## 4.9.1  Section 1983 – Instruction for *Garner*-Type Deadly Force Cases – Stop, Arrest, or other "Seizure"

## Model

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being [arrested].  In other words, a law enforcement official may only use the amount of force necessary under the circumstances to [make the arrest].  Every person has the constitutional right not to be subjected to excessive force while being [arrested] , even if the [arrest] is otherwise proper.

In this case, [RAFIA GROOMS] claims that BRITTON BROWN violated SONTOSH CLARKE's Fourth Amendment rights by using deadly force against SONTOSH CLARKE.

An officer may not use deadly force to prevent a suspect from escaping unless deadly force is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.  Also, the officer must give the suspect a warning before using deadly force, if it is feasible under the circumstances to give such a warning.

In order to establish that BRITTON BROWN violated the Fourth Amendment by using deadly force, RAFIA GROOMS plaintiff must prove that BRITTON BROWN intentionally committed acts that constituted deadly force against SONTOSH CLARKE.  If you find that BRITTON BROWN fired his weapon and shot Sontosh Clarke three times, then you have found that BRITTON BROWN used deadly force.  In addition, RAFIA GROOMS must prove at least one of the following things:

● deadly force was not necessary to prevent SONTOSH CLARKE'S escape; or
● BRITTON BROWN did not have probable cause to believe that SONTOSH CLARKE posed a significant threat of serious physical injury to BRITTON BROWN or others; or
● it would have been feasible for BRITTON BROWN to give SONTOSH CLARKE a warning before using deadly force, but BRITTON BROWN did not do so.

You should consider all the relevant facts and circumstances leading up to the time of the encounter that BRITTON BROWN reasonably believed to be true at the time of the encounter.  The reasonableness of BRITTON BROWN'S acts must be judged from the perspective of a reasonable officer on the scene.  The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, RAFIA GROOMS must prove that BRITTON BROWN intended to commit the acts in question; but apart from that requirement, BRITTON BROWN'S actual motivation is irrelevant.  If the force BRITTON BROWN used was unreasonable, it does not matter whether BRITTON BROWN had good motivations.  And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

**PLAINTIFF'S PROPOSED LIABILITY JURY INSTRUCTION #1**

An officer is not justified in using deadly force at a point in time when there is no longer probable cause to believe the suspect dangerous, even if deadly force would have been justified at an earlier point in time.

**Authority:**

***Abraham v. Raso***, 183 F.3d 279, 289 (3d Cir. 1999).

LAW OFFICE OF JOHN N. RIGHTMYER

Dated: 3/13/2013                    BY:_____/s/_jnr8215_____

                                           John Rightmyer, Esquire
                                           Id. No.: #73199
                                           30 Rex Avenue
                                           Philadelphia, PA 19118
                                           (215) 248-7580
                                           jrightmyer.esq@gmail.com
                                           Counsel for Rafia Grooms, Administratrix for
                                               the Estate of Sontosh Clarke